Agapito Díaz, Plaintiff and Appellee, *v.* Victoriana Ramos et al., Defendants and Appellants.

No. 7673.    Argued January 17, 1938.—Decided January 25, 1938.

*L. Santiago Carmona* for appellants.  *Dubón & Ochoteco* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

On June 24, 1937, this Supreme Court affirmed the judgment rendered by the District Court of Bayamón in the case of *Agapito Díaz* v. *Victoriana Ramos et al.,* sustaining an action of unlawful detainer (51 P.R.R. ____).  The lower court approved the plaintiff's memorandum of costs amounting to $262.20.  The defendants appealed.

The plaintiff-appellee now moves for a dismissal of the appeal on the ground that the "Certificate of Service by Mail," which appears at the foot of the notice of appeal, does not state that any payment of postage was made by

the appellants or their attorney for the mailing of the copy of the notice of appeal, as is required by Section 296 of the Code of Civil Procedure.

██ The certificate under consideration reads as follows:

"CERTIFICATE OF SERVICE BY MAIL.—I hereby certify: That on this day, the 20th of December 1937, I dispatched by mail, from the post-office at Bayamón, a true and exact copy of the present notice of appeal, or rather of the preceding notice of appeal, to the attorneys for the plaintiff Dubón and Ochoteco, addressed to Félix Ochoteco, Esquire, attorney of record in this case. And I do declare that between Bayamón, where I reside and the city of San Juan, Ochoa Building, whereto the aforementioned writing was addressed, there exists a daily and regular mail service. Bayamón, P. R. December 20, 1937. (Sgd.) L. Santiago Carmona, Attorney for defendants."

In their opposition to the dismissal of the appeal, the appellants admit that it is true that in the certificate of service no statement was made to the effect that the document deposited in the mail carried the corresponding postage, but they allege the fact to be that the writing which included the notice was deposited and registered at the Bayamón post-office, that the corresponding postage was paid and receipt requested; and that the above document was received and the receipt signed by "Dubón & Ochoteco," of which firm attorney Félix Ochoteco, to whom the envelope was addressed as attorney for the plaintiff, is a member. In support of these averments, made under oath, the appellants present a card from the post-office which says:

"Post Office Department.—Official Business. Registered Article. —No. 511.—Return to Lcdo. L. Santiago Carmona.—Box 364, Post Office at Bayamón, State, P. R.

"Return Receipt. Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this card. (Signed) Dubón & Ochoteco. Date of delivery, 12/21/37."

The appellee has failed to deny at any time that he received the service of the notice of appeal. He bases his motion upon the admitted defect in the Certificate of Service by mail, which we have already transcribed, and in support of his position he cites the decisions of this court in *Roig Commercial Bank* v. *Succn. of Lugo,* 34 P.R.R. 148, and *Fontánez* v. *Heirs of Buxó,* 34 P.R.R. 680.

Appellants argue that inasmuch as it was shown by the receipt signed by Dubón & Ochoteco that the service of the notice of appeal reached its destination, the jurisprudence established by this Supreme Court in *Rondón* v. *Mollfulleda,* 16 P.R.R. 164; *Bravo* v. *Martínez Brothers,* 31 P.R.R. 460; *Muñoz* v. *Santana et al.,* 34 P.R.R. 328, and *A. Alvarez Bros.* v. *Alamo et al.,* 36 P.R.R. 49, is applicable, wherein it was held that the fact that the record failed to disclose that the notice of appeal was served upon the appellee or his attorney is not a ground for dismissal of the appeal when, after evidence *aliunde* of such service is introduced, such evidence is sufficient to warrant a conclusion that the service was made.

In the cases cited by the appellee, 34 P.R.R. 148 and 34 P.R.R. 680, the appellant offered no evidence to cure the defect in the certificate of service by mail and thus prove that the service had actually been made. In this case, the evidence offered by the appellants and which has not been controverted by the appellee is, in our opinion, sufficient to establish the fact that the appellee was duly served with a copy of the notice of appeal; and that is the fact assential to the acquisition of jurisdiction by this court.

The motion to dismiss should be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.